ALEXANDER B. TRUEBLOOD (TX Bar No. 24100609)
TRUEBLOOD LAW FIRM
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516
Email: alec@hush.com

Attorneys for Plaintiff
LATHARSIE WILLIAMS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LATHARSIE WILLIAMS, | Case No: 17-CV-3083 |
| Plaintiff, | **COMPLAINT FOR WRONGFUL REPOSSESSION** |
| vs. | |
| AMERICREDIT FINANCIAL SERVICES, INC., PATRICK K. WILLIS COMPANY, INC., and AUTOMOBILE RECOVERY BUREAU, INCORPORATED, | |
| Defendants. | |

Plaintiff Latharsie Williams hereby complains against defendants Americredit Financial Services, Inc. ("GM Financial"), Patrick K. Willis Company, Inc. ("PK Willis"), and Automobile Recovery Bureau, Incorporated ("ARB"), and alleges on information and belief as follows:

**OPERATIVE FACTS**

1. On or about March 1, 2017, plaintiff purchased a 2017 Chevrolet Cruze from Ron Craft Chevrolet Cadillac in Baytown, Texas, which she intended to use primarily for personal, family or household purposes. Plaintiff signed a retail installment sales contract which gave the dealership a security interest in the vehicle. The dealership assigned the retail installment sale contract and security interest to defendant Americredit Financial Services, Inc., which does business as GM Financial. Plaintiff subsequently fell behind on the contract payments.

2. GM Financial hired defendant PK Willis to repossess plaintiff's vehicle, and PK Willis in turn hired defendant ARB as its agent to recover the vehicle.

3. Defendant ARB breached the peace during the repossession, in violation of Texas Bus. & Commerce Code § 9.609(b)(2). In a public parking lot, ARB banged into the rear of plaintiff's vehicle with its tow truck, while plaintiff was still inside the vehicle. Plaintiff honked her horn. ARB ignored the horn, and jacked up plaintiff inside the vehicle, injuring plaintiff's back and damaging her iPhone. A barefoot ARB employee dressed in pajamas came to plaintiff's door, and plaintiff, not sure if she was being assaulted, refused to open the door. Another ARB employee, a very large man, then came to plaintiff's window and ordered her out of the car, stating it didn't belong to her. Plaintiff objected and refused to move. Ignoring the objection, ARB's employee suddenly reached across plaintiff and snatched her keys out of the ignition, from inside the vehicle. Jacked up inside the car, and with no keys, plaintiff was forced to relinquish the vehicle to ARB.

4. Defendant GM Financial mailed plaintiff a notice of sale of the vehicle

("NOI"). The NOI violated the UCC at Texas Bus. & Commerce Code § 9.614(1)(A), because it failed to describe the secured party. GM Financial's NOI described the secured party as "AOC II – RS," which was incorrect.

5. As a result of the above UCC violations, plaintiff does not owe defendant GM Financial a deficiency balance, by operation of Texas Bus. & Comm. Code § 9.626(b). Plaintiff is also entitled to damages and statutory damages pursuant to Texas Bus. & Comm. Code § 9.625(b) and (c).

6. Plaintiff had personal possessions in the vehicle. In violation of Texas Occupations Code § 2303.151, defendant ARB failed to mail plaintiff a notice by certified mail, stating the information required by Tex. Occup. Code § 2303.153, including the amounts of storage and other charges plaintiff would have to pay when the vehicle was claimed, and the location of the storage facility.

7. In violation of Texas Finance Code § 348.407, defendant GM Financial failed to issue plaintiff a notice within 15 days of discovering that there was personal property in the vehicle, informing plaintiff of the location where plaintiff could claim her property. GM Financial's notice disclosed PK Willis as the repossession company, and PK Willis' address in Sacramento, California as the location of the personal property. In fact, plaintiff's personal possessions were in the custody of ARB in Texas.

8. Eventually, plaintiff recovered from ARB some of her personal possessions that had been in the vehicle. However, ARB stole plaintiff's Gucci glasses.

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in this district, and

defendants are subject to the court's personal jurisdiction in this district.

## PARTIES

11. Plaintiff is a natural person over the age of 18 years and is a resident of Houston, Texas.

12. Defendant Americredit Financial Services, Inc. is a Delaware corporation with its principal place of business in Fort Worth, Texas.

13. Defendant Patrick K. Willis Company, Inc. is a California corporation with its principal place of business in El Dorado Hills, California.

14. Defendant Automobile Recovery Bureau, Incorporated is a Texas corporation with its principal place of business in Houston, Texas

15. At all times mentioned herein, each defendant was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment. The defendants are jointly and severally liable to plaintiff.

## FIRST CAUSE OF ACTION
### (Against Defendants PK Willis and ARB for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).

16. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

18. Defendants violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement.

19. Defendants had no present right to repossess plaintiff's vehicle in

3

breach of the peace, but did so in violation of Texas Bus. & Commerce Code § 9.609(b)(2).

20.  Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

21.  Plaintiff is entitled to statutory damages of $1,000 against each defendant, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

22.  Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant GM Financial for Violations of the Uniform Commercial Code, Texas Bus. & Commerce Code §§ 9.609, 9.614, and 9.625)**

23.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

24.  Defendant violated Texas Bus. & Commerce Code § 9.609(b)(2) by repossessing plaintiff's vehicle in breach of the peace.

25.  Defendant violated Texas Bus. & Commerce Code § 9.614(1)(A), because it failed to describe the secured party in its NOI.

26.  Plaintiff is entitled to recover the actual damages caused by defendant's failure to comply with the Uniform Commercial Code, pursuant to Texas Bus. & Commerce Code §§ 9.625(b) and (c)(1).

27.  Plaintiff is entitled to recover the credit service charge plus ten percent of the principal amount of the obligation, pursuant to Texas Bus. & Commerce Code § 9.625(c)(2).

28.  Plaintiff does not owe defendant GM Financial a deficiency balance,

by operation of the absolute bar rule codified at Texas Bus. & Commerce Code § 9.626(b).

29. Plaintiff is entitled to an injunction to restrain collection by defendant of any deficiency balance, including any derogatory credit reporting on plaintiff's credit reports, pursuant to Texas Bus. & Commerce Code § 9.625(a).

30. Plaintiff is entitled to recover attorneys fees and costs pursuant to Texas Civil Practice And Remedies Code § 38.001(8).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Violations Of The Texas Debt Collection Practices Act, Texas Finance Code § 392.001 et seq.)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. Plaintiff is a consumer within the meaning of Tex. Fin. Code § 392.001(1).

33. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6), in that they directly or indirectly engage in actions, conduct, or practices in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor.

34. Defendants violated Tex. Fin. Code § 392.301(a)(1) by using violence or other criminal means to cause harm to a person or property of a person.

35. Defendants violated Tex. Fin. Code § 392.304(a)(19) by using a false representation to collect a debt, when ARB told plaintiff that her car did not belong to her anymore.

36. Plaintiff is entitled to actual damages, pursuant to Tex. Fin. Code § 392.403(a)(2).

37. Plaintiff is entitled to reasonable attorneys fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

WHEREFORE, plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
**(Against Defendant GM Financial For Violations Of The Texas Motor Vehicle Installment Sales Act, Texas Fin. Code § 348.001 et seq.)**

38. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

39. Defendant GM Financial violated Texas Finance Code § 348.407, by failing to issue plaintiff a notice within 15 days of discovering that there was personal property in the vehicle, which informed plaintiff of the information required by that section.

40. Plaintiff is entitled to recover three times her actual economic loss caused by defendant's violations, pursuant to Texas Finance Code § 349.003(a)(1).

41. Plaintiff is entitled to reasonable attorneys' fees, pursuant to Texas Finance Code § 349.003(b).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages, including economic harm and mental anguish;
2. For statutory damages;
3. For treble damages;
4. For injunctive relief;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and Texas constitutions.

Dated: October 13, 2017          Respectfully Submitted,

TRUEBLOOD LAW FIRM

By:       /s/_____
       Alexander B. Trueblood

Attorney-In-Charge for Plaintiff
LATHARSIE WILLIAMS

TX Bar No. 24100609
SD TX Bar No. 2789549
700 Lavaca Street, Suite 1400
Austin, TX 78701-3102
Telephone: (512) 537-0388
Facsimile: (512) 582-8516

7